NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHAN OKPOTI, | No. 17-15584 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:15-cv-00110-APG-CWH |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Subdivision, on behalf of State of Nevada; JOHN D. BRANDON, Police Officer; CITY OF LAS VEGAS, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted February 12, 2018**
San Francisco, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and JACK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Plaintiff–Appellant Nathan Okpoti appeals the district court's grant of summary judgment in favor of defendants City of Las Vegas ("CLV"), Officer John D. Brandon, and Las Vegas Metropolitan Police Department ("LVMPD") on his 42 U.S.C. § 1983 claims after he was arrested for driving under the influence of a controlled substance. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Okpoti alleges Officer Brandon and the LVMPD violated his Fourteenth Amendment rights by acting with deliberate indifference to his serious medical needs at the time of his arrest. We conclude that Okpoti's booking photo and medical records from one month after his arrest are not sufficient to raise a genuine issue of material fact as to whether Officer Brandon "kn[ew] and disregard[ed]" that Okpoti was experiencing a neurological episode. *See Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (citation omitted); *cf. Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017) (setting forth standard for Fourteenth Amendment failure-to-protect claims).

Okpoti further alleges the CLV and LVMPD violated § 1983 by depriving him of medical care and failing to implement a policy or procedure to respond to "neurological emergencies." *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691–94 (1978). Okpoti fails to raise a genuine dispute of material fact as

2

to whether any CLV employee acted with deliberate indifference to his medical needs. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (inadequacy of training "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons"). Furthermore, Okpoti presents no evidence of "a direct causal link between" the CLV's lack of training policy for neurological conditions and any deprivation of his constitutional rights. *Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016) (citation omitted).

Officer Brandon had probable cause to arrest Okpoti based on Okpoti's driving behavior, field sobriety tests, and appearance, and he reasonably relied on the Drug Recognition Expert's field evaluation when concluding Okpoti was driving under the influence. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009) ("Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed.") (citation omitted); *see also United States v. Jensen*, 425 F.3d 698, 705 (9th Cir. 2005) (probable cause may be based on "the collective knowledge of all of the agents involved in [an] investigation") (citation omitted). Officer Brandon is therefore entitled to qualified immunity against the claim of false arrest. *See Dist. of Columbia v. Wesby*, 583 U.S. __, __ (2018) (slip op., at 15–16); *see also Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

**AFFIRMED.**